THE FIRST NATIONAL BANK OF KINGMAN V. JOSEPH GERSON, No. 6527.— FERDINAND WESTHEIMER & SONS V. SAME, No. 6535.— GERALD MCPIKE et al. V. SAME, No. 6546.— WILLIAM A. STICKNEY V. SAME, No. 6547. ISAAC ROSENBERG et al. V. SAME, No. 6549.— SAMUEL WESTHEIMER et al. V. SAME, No. 6551.

ATTACHMENT— *Fraudulent Disposition of Property.* Where a firm of druggists, having a large quantity of intoxicating liquors, executes to a creditor a chattel mortgage on the entire stock, including such liquors, and such mortgage is void for that reason, *held*, that the execution of such mortgage, and the delivery of the entire stock of merchandise of the mortgagor to the mortgagee thereunder, is sufficient ground to sustain an attachment issued on an affidavit alleging that the defendants had disposed of their property with intent to hinder, delay and defraud their creditors.

*Error from Kingman District Court.*

ACTION of attachment by the *Bank* against *Gerson* and others. A motion to dissolve the attachment was sustained, and the plaintiff comes to this court. The opinion states the facts.

*Hay & Hay*, for plaintiff in error.
*John E. Lydecker*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The record in this case is substantially a duplicate of the record in the preceding case, of *The First National Bank of Kingman v. Joseph Gerson*, just decided, and all the questions herein presented might better have been embodied in one case. In this case George Gerson & Co. are made defendants in error, and the error complained of is that the district court dissolved the order of attachment issued in the action, on the motion of George Gerson & Co. The proof in the case is identical with the one we have just decided, and a restatement of the facts is unnecessary. In order to dispose of this case, it is only necessary for us to say whether or not the facts already considered in the other case are such that we must hold that the district court erred in discharging the attachment. We have held that the chattel mortgage given to Joseph Gerson was void. It is claimed by both the Gersons that Joseph Gerson took possession of the entire stock of goods under that void chattel mortgage. He (Joseph Gerson), after having so obtained possession of the goods, could not lawfully sell them, because the chattel mortgage under which possession was given was a nullity. Joseph Gerson, not being a druggist, and having no permit to sell intoxicating liquor, could not lawfully dispose of the liquors contained in the stock, and apply the proceeds to the payment of his claim; therefore, the goods were disposed of in such manner as necessarily to hinder and delay creditors, if not for the purpose of intentionally defrauding them. This of itself is sufficient to sustain the attachment. It follows, therefore, that the district court erred in dissolving the attachment, on the motion of the defendants, and its order must be reversed, and the case remanded for further proceedings.

All the Justices concurring.